# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DONALD J. RUSSELL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00280 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NORTHERN MANAGEMENT** | ) | By: James P. Jones |
| **SERVICES, INC.,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Matthew W. Broughton, Travis J. Graham, and Caley A. Degroote,* GENTRY LOCKE, *Roanoke, Virginia, for Plaintiff; Heather S. Deane,* KIERNAN TREBACH LLP, *Washington, D.C., for Defendant.*

In this diversity case, the court declined to set aside a default money judgment on a motion under Rule 60(b)(1). Based on the undisputed facts, I found that the defendant Northern Management Services, Inc. (Northern) had not shown excusable neglect sufficient to escape the judgment against it. *Russell v. N. Mgmt. Servs., Inc.*, No. 7:19CV00280, 2020 WL 6281624, at *5 (W.D. Va. Oct. 27, 2020). On November 25, 2020, Northern filed a motion pursuant to Rule 59(e) to amend or alter the court's order denying relief. The plaintiff has responded. The time for the Northern to reply has lapsed and thus the matter is ripe for decision.

The plaintiff is correct that the present motion by Northern is out of time, having been electronically filed at 10:51 a.m. on November 25, one day beyond the 28-day mandatory, non-waivable deadline of Rule 59(e). *See* Fed. R. Civ. P. 6(b)(2).

In any event, I agree that Northern fails to make a case for reconsideration even had the motion been filed on time. *See Boryan v. United States*, 884 F.2d 767, 771–72 (4th Cir. 1989). Northern has not shown (or even alleged) that the "new evidence" was unknown to it until after the court's ruling, or that "it could not with reasonable diligence have discovered and produced such evidence [prior to the ruling]." *Id.* at 771 (internal quotation marks and citation omitted). Indeed, this is not pleaded as a case of newly discovered evidence, but simply as someone's mistake — "Unfortunately, [Northern's] original briefs omitted critical evidence." Brief Supp. Mot. to Amend/Alter 4, ECF No. 84-1.

As to Northern's second ground for reconsideration, that payment of the default judgment will cause it a hardship, the plaintiff is correct that if the new evidence showing that the liability insurance company did receive timely notice of the law suit is true, then the plaintiff's claim is likely insured, and Northern will be indemnified. In any event, I fully understood the possible consequences of my original ruling in this case.

Northern's efforts to relitigate its case do not constitute a proper use of Rule 59(e). *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). No manifest injustice is present.

For these reasons, Northern Management's Motion to Amend/Alter this Court's October 27, 2020 Order, ECF No. 84, is DENIED.

ENTER: January 5, 2021

/s/ JAMES P. JONES
United States District Judge